## UNITED STATES v. CLARE.

United States District Court
S. D. New York.
Nov. 6, 1952.

Myles J. Lane, U. S. Atty., by Daniel H. Greenberg, Asst. U. S. Atty., New York City, for the Government.

Allan Taub, New York City, for defendant.

WEINFELD, District Judge.

(Delivered following defendant's motion for a verdict of acquittal.)

During the course of the trial I denied a motion by the Government to quash a subpoena served by the defendant calling for the production of F. B. I. reports, which, it appears, were considered by the trial examiner and the Special Assistant to the Attorney General in connection with the defendant's appeal from his 1–A classification. The advisory opinions to the appeal board were in conflict. One recommended that the classification be sustained and the other that it be overruled. The substance of my ruling was that in the interest of substantial justice the Court should be permitted to examine the reports to determine whether they contained matter which might be of assistance to the defendant with respect to his contentions (1) that there was bias and prejudice in the hearing before the hearing examiner; (2) that the reports contained some evidence that the classification of the registrant had no substantial basis in fact; and (3) that they contained other facts or circumstances which would indicate a denial of due process. In denying the motion to quash, I cited and relied upon the following cases decided by the Court of Appeals for

this circuit: United States v. Grayson, 166 F.2d 863, 870; United States v. Beekman, 155 F.2d 580, 584; United States v. Andolschek, 142 F.2d 503, 506.[1]

During the examination of the hearing officer, called as a witness by the defendant, the Government refused to produce for his inspection the very report which he had seen and taken into account in reaching his determination. The Government also refused to produce this document for inspection by the Court in camera to permit it to determine, in the exercise of discretion, whether parts or all of such report might be material to, and in aid of, the defense. The Government's decision to refuse documentary evidence within its exclusive control means that as a matter of public policy the Government has deemed it more desirable to run the risk that the offense charged may go unpunished than to disclose the source of its information. The underlying considerations of this public policy, of course, are apparent.

The record in this case goes beyond the refusal to submit the report. It is pockmarked with errors in the conduct of the hearings, some of which, it has been conceded, render certain actions invalid as lacking in procedural due process.

It is now conceded that the classification of 1–A following the hearing of May 14, 1951, was invalid, since the board conducted the hearing without having sent the registrant forms SSS–150, contrary to Selective Service Regulation 1621.11.[2] It thereafter sent him the form and on July 9, 1951, another hearing was held following the filing of that form. No summary of this hearing is recorded, although the defendant contends that he furnished additional information in response to pointed questions as to his claim for exemption, both upon the ground that he is a regular minister and, further, that as a matter of religious belief he is a conscientious objector to war. He referred to his activities, pioneering work, membership in the Bethel Family and other significant matters which clearly were relevant and pertinent to his claim for exemption. When it was sought to tax him that he could not work and at the same time act as a minister, he sought to justify his position on religious grounds and the particular economy in which we live.

Section 1624.2(b) of the regulations and rules provides in part:

"At any such appearance [before the local board], the registrant may discuss his classification, may point out the class or classes in which he thinks he should have been placed, and may direct attention to any information in his file which he believes the local board has overlooked or to which he believes it has not given sufficient weight. The registrant may present such further information as he believes will assist the local board in determining his proper classification. Such information shall be in writing, or, if oral, shall be summarized in writing and, in either event, shall be placed in the registrant's file. The information furnished should be as concise as possible under the circumstances."[3]

Such a summary is significant in this case, when we find two governmental representatives in sharp controversy as to the defendant's claim for exemption. In fact, if no additional evidence was given, it seems that a simple entry that the hearing was held and that the registrant offered no additional evidence, would have set at rest any claim to the contrary. The registrant's additional evidence in justification of his claim not being contained in summary fashion, as required by the regulations, was not presented to, and so could not have been considered by, the appeal authorities. This, again, was contrary to rules and

1. Four days after this opinion was orally delivered, the Court of Appeals for this circuit held that a classification made without the registrant's having had access to the F.B.I. report made available to the hearing examiner was illegal as contrary to the statute. United States of America v. Nugent, 2 Cir., 200 F.2d 46.

2. 32 Code of Federal Regulations (Revised 1951), Section 1621.11.

3. 32 Code of Federal Regulations, Section 1624.2(b).

regulations. See Regulations 1623.1(b), 1626.13(a) and 1626.24(b).[4]

The contention that the summary of defendant's arguments prepared by the appeals agent who interviewed him some seven days after the hearing before the board on July 9th, but was not present thereat and had no responsibility under the law or the regulations for the board's summary of additional evidence required under Regulation 1624.2(b), cured the error of the board in failing to make such a summary, is without merit. There is nothing to indicate that the registrant submitted in full to the appeals agent all the arguments made before the board, nor may the board's duty to summarize them be shifted to the registrant.

The fact that on August 4, 1952, the date of his arrest, the registrant answered leading questions with respect to the nature of the testimony given to the local board, the legal significance of which would not be known to laymen, does not indicate that, in fact, additional testimony was not presented. Further a reading of the substance of defendant's answers would indicate that he did present additional matters at the hearing and that the questions put by the Assistant United States Attorney related to the bulk of his statement or testimony.

Another instance which indicates a lack of compliance with the regulations is the failure of the board, when it reclassified the defendant on July 9th, after the admitted abortive classification on May 14th, to send a notice of classification as required by Regulations 1623.4 and 1625.12.[5] This may not necessarily legally taint the classification in view of the fact that it does appear that the registrant was fully informed and advised as to the classification and did file his appeal within the required time. It is simply cited as another illustration in a record which is full of errors.

On August 21, 1951, registrant's 1–A classification was continued by the appeal board without compliance with Regulation 1626.25,[6] which requires the appeal board when the appeal involves a claim that the registrant is a conscientious objector, as in the case we are considering, to refer the matter to the Department of Justice for the purpose of securing an advisory recommendation. The Department is then required to make an inquiry and to hold a hearing on the character and good faith of the conscientious objection of the registrant. The matter was not so referred and no advisory opinion was obtained. Evidently, somebody recognized that its action was invalid, and so on September 7th the local board sent the folder back to the appeal board with a request that it comply with the regulation.

It may be a coincidence, but the defendant, by letter dated September 5th, called this error to the board's attention and enclosed a copy of the letter he had sent to General Hershey, the Director of Selective Service, under the date of September 6th. Whether or not the Director's Office called this to the attention of local board 31 does not appear, but, in any event, the next day, that is, the day after the date of the letter to General Hershey, the local board returned the folder to the appeal board with the request that a Department of Justice hearing be held pursuant to the provisions of the stated section. The letter sent by the registrant was received by the local board on September 10th.

Subsequently a hearing was held before the hearing examiner, who, as we know, recommended that the registrant be retained in Class 1–A. This was February 15, 1952.

Then on June 6, 1952, a Special Assistant to the Attorney General rendered his contrary report that the recommendation of the hearing officer be not concurred in. The appeal board on June 25, 1952, classified registrant in 1–A, and following his subsequent refusal to take one step forward, the present indictment was returned.

4. 32 Code of Federal Regulations, Sections 1623.1(b), 1626.13(a) and 1626.24(b).

5. 32 Code of Federal Regulations, Sections 1623.4 and 1625.12.

6. 32 Code of Federal Regulations, Section 1626.25.

■ The refusal by the Government to produce the report of the F. B. I. permits the inference that it contains information which would establish that there was no basis for the classification recommended by the hearing officer and eventually found by the appeal board. It is not necessary for me to decide, and I do not pass upon, the claim of bias or prejudice. The various omissions to comply with the regulations, taken together with the refusal by the Government to disclose information upon which both the hearing examiner and the Special Assistant to the Attorney General acted, would warrant, and in my opinion does warrant, the inference that there was no basis for the classification, and that, in any event, the defendant, under the circumstances stated with respect to the various regulations, was denied procedural due process.

Under the circumstances I grant the motion for a directed verdict and find the defendant not guilty.

The matter is remitted without prejudice to the right of Selective Service to follow whatever its procedures indicate is required.