**UNITED STATES of America**
v.
**Don Allen GIESSEL.**
**Cr. No. 283–54.**

United States District Court,
D. New Jersey.
March 14, 1955.

Raymond Del Tufo, Jr., U. S. Atty., Albert G. Besser, Asst. U. S. Atty., Newark, N. J., for the United States.

Leon M. Waks, Paterson, N. J., for defendant.

MEANEY, District Judge.

The Grand Jury for the District of New Jersey returned an indictment against Don Allen Giessel for an alleged violation of Title 50 U.S.C.Appendix, § 462. He was charged with knowingly, wilfully and unlawfully and contrary to his legal duty, failing, neglecting and refusing to submit to induction for training in the United States Armed Forces.

The facts in this case reveal that Giessel was a registrant with Local Board No. 57 of Wisconsin. On August 14, 1950 he filed his Selective Service questionnaire (Form 100) with the board, and on August 22, 1950 he filed his Special Form for Conscientious Objectors. The board then classified the defendant IV–E (now I–O) on August 30, 1950. By doing this it recognized his claim to being a conscientious objector.

However, on November 19, 1951 the local board, acting on its own initiative, reconsidered its original classification of the registrant and ultimately reclassified him 1–A, thereby making him immediately liable for military service. Notice of this new classification was mailed to him on November 21, 1951. Thereafter, the board ordered him to report for his pre-induction physical examination on January 14, 1952. Meanwhile, by letter dated January 11, 1952, the father of the defendant inquired of the local board as to his son's classification, as well as his right to an appeal therefrom, and also requested that the son's classification be reopened and reconsidered by the local board. On January 17, 1952 the board advised defendant's father that the ten-day period within which his son might have appealed had expired and no appeal could be taken.

The entire Selective Service file was then transferred, at Giessel's request, to Local Board No. 34 of New Jersey, he having moved to New Jersey in the interim. On October 7, 1952 Giessel was ordered by this board to report for induction on October 22, 1952. He reported as ordered but refused to submit to induction. He was then indicted.

At the trial of the defendant by this court on December 8, 1954 it was stipulated that the entire draft board file be admitted into evidence. It was further agreed the file was authentic, and the defendant also admitted that he refused to be inducted into the military forces of the United States. The defendant also waived trial by jury.

During the course of the trial the defendant voluntarily testified as to the aforestated facts as well as others to be discussed later herein. At the conclusion of his testimony a motion was made by the defense counsel for the entry of a judgment of acquittal. The court reserved decision. The defense then rested

and the Government also closed its case with no additional evidence.

The testimony adduced at the trial of the registrant indicated that at the time the Wisconsin Selective Service Board mailed to him on November 21, 1951 the change in his classification from the then IV–E class to 1–A, registrant was visiting at some distance from his home. The letter of notification was forwarded to him and was received by him on November 30th. It developed that he took the first available train to his home and on Saturday, December 1st, called at the office of his local board which on that day was closed. On Monday, December 3rd, he again went to his local board and was informed by a clerk that his ten-day period of appeal had elapsed and that he could no longer appeal from the determination of the board. At no time does it appear that he was apprised of his right to consult with a Selective Service adviser as provided for in the regulations, nor did he see any notice posted in the premises occupied by the board informing him of such right, nor was any such notice called to his attention. None of this testimony was controverted by the Government. While the delay in receipt of the notice of reclassification was the result of the registrant's own act in absenting himself from his home at the particular time, nevertheless it was not an unreasonable situation, and he certainly was entitled to the advice which the regulations contemplated and provided for under the circumstances. It seems that he was misled by a combination of events, and was innocently deprived of procedural rights which properly were his.

With respect to the question of the correctness of the classification of the registrant in class 1–A, the court is not at present concerned since it feels that the deprivation of the procedural rights above referred to warrants the granting of the motion for entry of a judgment of acquittal.

Let a judgment of acquittal be entered.