**UNITED STATES of America, Plaintiff,**

v.

**William JASMAGY, Jr., Defendant.**

**No. 24975–Cr.**

United States District Court
S. D. California, S. D.
June 17, 1955.

548

J. B. Tietz, Los Angeles, Cal., for plaintiff.

Laughlin E. Waters, U. S. Atty., Los Angeles, Cal., Harry D. Steward, and Howard R. Harris, Asst. U. S. Attys., San Diego, Cal., for defendant.

WEINBERGER, District Judge.

William Jasmagy, Jr., was charged with having knowingly failed to perform a duty required of him under the Selective Service Act, 50 U.S.C.A.Appendix, § 451 et seq., that is, knowingly failing and neglecting to report for induction after having been ordered so to do. Defendant pleaded not guilty, and waived a jury and the right to request special findings of fact.

At the beginning of the trial the United States moved to quash a subpoena which defendant had directed to the Special Agent in Charge of the F.B.I., Los Angeles Office, to the United States Attorney and to Hon. Homer D. Crotty, requesting that the named persons appear at the trial and bring the "complete secret investigative report made by the F.B.I. agents" or others, which was submitted to the Hearing Officer and considered by him in making his report to the Department of Justice, and the secret recommendation of the Hearing Officer to the Department of Justice.

The Court reserved its ruling on the motion to quash.

The trial proceeded; Mrs. Elva W. Lovelace, the Clerk of Local Draft Board No. 138 testified, and the photostatic copy of the original Selective Service file was received in evidence over the objection of the defendant. Whereupon, defendant moved to strike said exhibit from evidence. The Court reserved its ruling.

The Government then rested, and counsel for the defendant moved for acquittal, he having previously filed a written motion. The Court reserved its ruling until the close of the evidence, and defendant Jasmagy testified, after which defendant rested; the Government offered no rebuttal. The defendant renewed his motion for verdict of acquittal. The Court reserved its ruling.

The matter was continued for further trial and briefs and arguments were ordered filed. Several continuances have ensued, one or two at the request of the Government and one at the request of the defendant who has been at liberty on his own recognizance.

The defendant claims that the Government failed to prove its case in that the order to report for induction was "patently an unexecuted nullity". The original order to report was not produced by the defendant; the copy of the order which appears in the Selective Service file of the defendant does not bear a signature of a member of the Local Board,

nor does it bear the typewritten name on the signature line of a member of the Local Board; however, the Clerk of the Local Board testified that the original order to report was signed by a member of the Board and mailed to the defendant. The defendant's Selective Service file shows that after the notice to report was mailed, defendant came into the office of the Board and inquired why his appeal from his 1-A classification had not been heard before the order to report for induction was mailed to him. Further, the defendant took the witness stand, and he did not deny that he received a signed order to report for induction.

The defendant claims that he was deprived of certain rights and because of such deprivation he is entitled to a hearing de novo in this trial on the issue of whether he should be classified as a conscientious objector. He argues:

The denial of the conscientious objector status was without basis in fact, and was arbitrary, capricious and contrary to law.

The Local Board had no jurisdiction to reclassify defendant to a higher class without new evidence.

The Department of Justice deprived defendant of his procedural rights to due process of law by not mailing a copy of the report of the Hearing Officer to the Attorney General and of the Attorney General's recommendation to the Appeal Board, to petitioner before the same was given to the Appeal Board, thus not giving the petitioner an opportunity to rebut the recommendation of the Attorney General before the final Appeal Board classification.

Defendant was denied procedural due process in that the Local Board failed to have available an advisor to registrants and to have such names posted.

The defendant was denied due process when the Hearing Officer's report and the Attorney General's recommendation were not placed in his selective service file.

The Local Board deprived defendant of his right to a fair hearing before the Appeal Board by reason of its prejudicially incomplete summary of the hearing he had before the Local Board.

The report of the Hearing Officer is arbitrary and illegal, etc., in that it refers to artificial and unlawful standards not authorized by the act in not recommending the classification of conscientious objector for defendant.

Defendant's liability for service was illegally extended beyond age 26.

The Government urges that defendant is not entitled to a trial de novo on the merits of his classification and is not entitled to question the procedure in connection with his classification or his appeal therefrom because he failed to exhaust his administrative remedies. Counsel for the Government points out, correctly, that had the defendant reported for induction when ordered, he would have been given, under the regulations then in effect, another physical examination prior to induction.

The defendant has cited the following cases: Gonzales v. United States, 348 U.S. 407, 75 S.Ct. 409; Bradley v. United States, 348 U.S. 967; Duron v. United States, 9 Cir., 1955, 221 F.2d 187; Chernekoff v. United States, 9 Cir., 1955, 219 F.2d 721; Ory v. United States, 5 Cir., 1953, 206 F.2d 500; United States v. Clare, D.C., 108 F.Supp. 307; United States v. Everngam, D.C., 102 F.Supp. 128; United States v. Ryals, D.C., 56 F.Supp. 772.

In the Gonzales case the Supreme Court held that the failure to furnish petitioner with a copy of the recommendation made by the Department of Justice to the Appeal Board deprived the petitioner of his right to present his side of the case to the Appeal Board, and the defendant's conviction for violation of the Selective Service Act was reversed. In its opinion, 348 U.S. at page 411, 75 S.Ct. at page 411, the Supreme Court said that the facts presented by petitioner's claim and the recommendation of the Department underscored the necessity that petitioner be furnished with a copy of the recom-

mendation and have an opportunity to rebut it before the Board of Appeal. In the Gonzales case the petitioner reported for, but refused to submit to, induction.

The Bradley case was decided on the authority of the Gonzales case.

The Duron case was also decided on the basis of the Gonzales case, and in each of the two cases last mentioned the petitioner appeared for, but refused to submit to induction.

In the Chernekoff case, the petitioner did not receive a summary or résumé of adverse evidence in the report of the investigator for the Department of Justice, nor was petitioner informed of his right to such a summary. The Court stated, 219 F.2d at page 723, that the "fair hearing essential to meet minimum requirements of any accepted notion of due process includes the opportunity to know of adverse evidence and to be heard concerning its truth, relevancy and significance."

The Court also stated that reversal was required because petitioner, though he reported for induction and signed a written statement that he would refuse to be inducted, was not given the final opportunity to take a step forward and be inducted.

Evidence was also introduced that the Los Angeles County Draft Board did not have posted the names and advisors as required of the Local Boards. The Court stated, 219 F.2d at page 724, that this failure "presents another problem of due process", and that it had "serious doubt as to the validity of such a practice by the local boards."

The Court also mentioned, 219 F.2d at page 724, that the petitioner reported to the induction station and thus exhausted his administrative remedies and pointed out that his case was thus distinguished from the position of the petitioner in Mason v. United States, 9 Cir., 218 F.2d 375; Kalpakoff v. United States, 9 Cir., 217 F.2d 748; Billings v. Truesdell, 321 U.S. 542, 558, 64 S.Ct. 737, 88 L.Ed. 917; Williams v. United States, 9 Cir., 203 F.2d 85, certiorari denied 345 U.S. 1003, 73 S.Ct. 1149, 97 L.Ed. 1408.

In the Ory case [206 F.2d 504], the Court of Appeals of the 5th Circuit considered whether there was any " 'rational basis of fact for the classification' " sustained the action of the Board, and ruled that petitioner was not prejudiced by any action of the Local Board. No reason was assigned by the Court for its consideration of the merits of the classification of the registrant and no finding that he suffered any lack of due process was made. In this case it is not clear whether the defendant refused to appear for induction or whether he appeared and refused to be inducted.

In the Clare case, the District Court, on a motion for verdict of acquittal found the defendant not guilty, and gave as its reasons: That the refusal by the Government to produce the report of the F.B.I. permitted the inference that it contained information which would establish there was no basis for the classification recommended by the Hearing Officer and eventually found by the Appeal Board; the Local Board did not place in the file a summary of the evidence which the registrant gave in support of his claimed classification; the Court also stated, 108 F.Supp. at page 308, that the Board's duty to summarize registrant's evidence might not be shifted to the registrant. In the Clare case the defendant reported for but refused to submit to induction.

In the Everngam case, the hearing officer's report was held to be arbitrary and based upon an invalid premise, and the District Court, in its opinion, 102 F.Supp. at page 131, stated:

"Since defendant exhausted his administrative remedies, he was entitled to assert the invalidity of the induction order as a defense in this prosecution."

In that case the defendant reported for, but refused to submit to induction.

In the Ryals case, the Local Draft Board had classified the registrant, he had appealed to the State Board of Ap-

peals and finally to the President, who had found the registrant to be a conscientious objector, in class IV–D. The Local Board later re-classified him without the submission of additional evidence, and the Court held such later classification invalid, in that there was no evidence to justify a change of status. Here, the Court also found that defendant had exhausted his administrative remedies.

An opinion not cited by the defendant, but of interest in this case here, is United States v. Giessel, D.C.N.J., reported at 129 F.Supp. 223. Here the defendant had received notification of his classification after the period for appeal had lapsed. The Court stated, 129 F.Supp. at page 225:

"At no time does it appear that he was apprised of his right to consult with a Selective Service adviser as provided for in the regulations, nor did he see any notice posted in the premises occupied by the board informing him of his right, nor was any such notice called to his attention."

The Court held the defendant was entitled to the advice which the regulations contemplated and provided for under the circumstances, and that he was innocently deprived of the procedural rights which properly were his. The Court did not feel it should be concerned with the correctness of the 1–A classification, since it was of the opinion that the deprivation of procedural rights warranted an acquittal.

In the above case, the defendant reported for, but refused to submit to, induction.

The following matters appear from the evidence in the case at bar:

1. There were no advisors as required by regulations, and no names of advisors were posted by defendant's Local Board.

2. The defendant was classified 1–A; after a personal appearance he was given a 4–E or conscientious objector's classification. There is no summary of the evidence presented at the defendant's personal appearance, and nothing in the file appears concerning this occasion to show on what the Board based its classification.

3. The defendant appeared before the Board in answer to their request that he talk with them about the type of work he would be given under his classification as conscientious objector. Following this appearance, he was re-classified 1–A. This interview, in question and answer form, appears in the defendant's Selective Service file.

4. The defendant did not receive a copy of the Hearing Officer's recommendation against his being classified as a conscientious objector and thus had no opportunity to rebut any adverse material contained in the recommendation prior to the decision of the Appeal Board.

We are unable to decide whether the defendant was given a summary of the F.B.I. report which the hearing officer had, and which also went to the Appeal Board. The hearing officer's recommendation shows that the defendant mentioned that the summary was incorrect in two minor points. Whether only these two points were called to the defendant's attention, or whether he was given a copy of the summary, or whether he was told by the Hearing Officer about any adverse comment in the summary so that he might attempt to refute it when he was before the Hearing Officer, we do not know. The defendant was on the witness stand; he did not testify that he did *not* receive such a summary.

Under the rule of the Gonzales case, the defendant before this Court in this case was deprived of due process; likewise there was a lack of due process within the principles announced in the Chernekoff and Giessel cases. But the Government urges that defendant cannot be heard to complain of any lack of due process, nor of the validity of his classification because he did not exhaust his administrative remedies; he did not report for induction.

The following cases are cited by the Government: Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305; Ma-

son v. United States, 9 Cir., 218 F.2d 375; Williams v. United States, 9 Cir., 203 F. 2d 85; United States v. Balogh, 2 Cir., 160 F.2d 999, certiorari denied 331 U.S. 837, 67 S.Ct. 1522, 91 L.Ed. 1850.

In the Falbo case the defendant sought to urge in a criminal prosecution that the Board had mistakenly classified him as other than a minister, and thus he was not obligated to obey an order to report for work of national importance. The Court, 320 U.S. at page 554, 64 S.Ct. at page 349, said:

"The narrow question therefore presented by this case is whether Congress has authorized judicial review of the propriety of a board's classification in a criminal prosecution for wilful violation of an order directing a registrant to report for the last step in the selective process."

The Supreme Court refused to consider the merits of the classification and ruled that Congress had not authorized any interference with its processes by intermediate challenges of orders to report, and affirmed the defendant's conviction.

Considering that the Supreme Court in the Falbo case narrowed its field of decision in the manner we have just quoted, we were at first inclined to the view that when due process was lacking, the Court might admit evidence of such deprivation as a defense in this type of case, even though the defendant did not report for induction. The language of the Court of Appeals in Mason v. United States, 9 Cir., 1955, 218 F.2d 375, 379, 380, dispels this thought:

"It is argued that the rule of Falbo v. United States, supra, is inapplicable in this case for the reason that this appellant sought to present to the court defenses disclosing that he was denied a fair hearing and procedural due process, and that since these defenses raise jurisdictional questions, the rule of Falbo should not cut them off because of failure to exhaust adminis-

trative remedies. The complete answer to this is found in the action of the Supreme Court in United States v. Balogh, 329 U.S. 692, 67 S.Ct. 625, 91 L.Ed. 605. There the Supreme Court, relying upon Falbo, reversed the judgment of the Court of Appeals rendered at an earlier stage of the Balogh case, United States v. Balogh, 2 Cir., 157 F.2d 939, 944. A reading of the opinion of the Court of Appeals will disclose that that Court reversed Balogh's conviction for reasons similar to those sought to be urged by Mason here * * *."

The Court of Appeals of this Circuit in Williams v. United States, 203 F.2d 85, at page 88, certiorari denied 345 U.S. 1003, 73 S.Ct. 1149, 97 L.Ed. 1408, said:

"* * * Appellant did not comply with all the steps in the selective process. Therefore, he may not attack his classification or the Board's procedure. The district court did not err in excluding evidence of appellant's marital status, or in excluding any reference to the administrative aspects of appellant's selection. That left only the issue of whether the requisite intent to violate the Selective Service Act was present * * *."

It has been suggested during this proceeding that, had the Board provided advisors and posted their names, the defendant might have sought advice, and thus might have reported for induction, and brought himself within the rulings of the cases cited by the Government wherein lack of due process was successfully challenged. What he would have done, we have no way of knowing, but we believe the Court is bound by the rulings in the cases cited by the Government which we have here discussed.

██ It is not for the District Court to say at what point a registrant may disregard the orders of his Board, or at what point he may wilfully fail and neglect to follow the administrative procedures that Congress has set up for

him; we believe we are compelled to hold that regardless of any lack of due process shown here, the defendant has no standing to urge such lack in this criminal trial. Congress has laid out the course the defendant must travel, and he did not follow the road to the "last step", to the brink of induction.

It has been established by the evidence that the defendant knowingly and intentionally failed and neglected to report for induction as charged in the indictment, and the motion for verdict of acquittal should be denied.

Since we have ruled that the defendant cannot attack his classification nor the procedures of the Board in this case, we need not consider whether the records of the F.B.I. requested by the defendant should be brought into court. The motion to quash should be granted. And, since the defendant's motion to strike the copy of defendant's Selective Service file was based upon the assertion that the order to report was not signed by a member of the Board, the motion to strike should be denied.