**CHIH CHUNG TUNG v. UNITED STATES.**

No. 3904.

Circuit Court of Appeals, First Circuit.

April 4, 1944.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

Chih Chung Tung, pro se.

Thomas P. O'Connor, Asst. U. S. Atty., and Edmund J. Brandon, U. S. Atty., both of Boston, Mass., for appellee.

Alfred A. Albert, of Boston, Mass., for Civil Liberties Union of Massachusetts, amicus curiæ.

WOODBURY, Circuit Judge.

This is an appeal from a judgment sentencing the defendant to a term of imprisonment after he had been found guilty by the court below (the defendant waived his right to trial by jury and the United States Attorney assented) of knowingly failing to perform a duty imposed upon him by the Selective Training and Service Act of 1940, 54 Stat. 885, 50 U.S.C.A. Appendix, § 301 et seq., to wit: refusing to comply with an order to report for induction.

The following facts appear from papers taken from the files of the defendant's local board and introduced into evidence at the trial below.

The defendant was born on June 6, 1909, in Fukien, China. He was admitted into this country at Seattle, Washington, on a Students Permit on October 8, 1936. He has remained in the United States ever since. On October 16, 1940, he lived in Boston and on that date he registered there in accordance with the Selective Training and Service Act of 1940. His registration card was forwarded to the appropriate local board in Boston. In the Selective Service Questionnaire which he later duly filed he stated the facts of his birth as above; that he was an Oriental, not a citizen of the United States, but a citizen or subject of China; that he had studied Religious Education for three years at Boston University School of Theology; that he was by occupation a student preparing for teaching; and that he did not customarily serve as a minister and had never been formally ordained. He did not state whether or not he was a minister of religion, but left that question in Series VIII of his questionnaire blank. On the basis of these statements his local board on January 7, 1941, put him in Class IV C. See Reg. 622.43.

On June 22, 1942, the defendant was sent an Alien's Personal History and Statement (Reg. 623.71) and on the same day he filled it out and returned it to his local

board. In this statement he gave the facts of his birth, citizenship, entry into this country and education here, and then stated that he had received the degree of S.T. B.; that his present job was "Secretary (Informal)" employed by the Y.M.C.A.; and that his usual occupation was "Teaching and Social Work." This Personal History and Statement was forwarded through the proper channels by the local board to the Commanding General of the Service Command (Regs. 623.71, 623.72), and on August 28, it was duly returned to the local board (Regs. 623.73, 623.74) with endorsement to the effect that the defendant "is, if otherwise qualified, acceptable for training and service in the Army of the United States." After receipt of this endorsement the local board, on September 21, 1942, classified the defendant in 1 A, and four days later (September 25) sent him an order to report for induction. On September 29, 1942, within the ten day period after classification allowed for appeal (Reg. 627.2 (c), the defendant wrote his local board a letter in which, after explaining his "American name," he said:

"I appeal again not to be drafted to join the Army or Navy for the following reasons:

1. I am a Theology Graduate devoted to the work of God.

2. I am a Registrant Chinese Student who was born in China and come to U.S.A. for studies. I stay in U.S.A. temporarily for a period of time, and will go back to China when I have completed my studies.

3. I am better prepared for other work, I can work as a pastor in the Church or a professor in the College and what can I do in the Army?

According to the Regulations or Order from Washington, either a Theologian or an over-sea-Chinese student will not be drafted. Your letter of September 25 calling me to join the Army might be * * * must be mistaken. May I have your reply at soonest or earliest possible?

Yours very truly,
Admin. C. C. Tung,
(Rev.) (Ord. No. 435)."

The local board did not treat this letter as an appeal to the board of appeal or make any reply to it. The defendant did not comply with the order to report for induction, but no steps were taken by the local board in consequence. Reg. 642.41. From this we assume that the local board recognized the invalidity of its order under Reg. 627.41, it having been prematurely issued.

Next, on December 3, 1942, the local board received a memorandum from a special agent of the Federal Bureau of Investigation (apparently it had made request therefor under Reg. 621.7) which indicated, among other matters, that an extension of the defendant's Student Permit had been granted by the proper authorities on October 7, 1940; that the records did not indicate the next extension; that the defendant had not attended any school since June, 1941, and in consequence that his status as a student had terminated; that, however, on September 10, 1942, his status had been changed to temporary visitor, and he had been granted permission to stay in this country until February 1, 1943; and that under then existing conditions his "deportation is not practical and Tung will undoubtedly be granted further extension within the discretion of the Immigration Authorities."

Thereupon, on December 10, 1942, the defendant filed an Alien's Application of Determination of Residence with his local board (Reg. 611.21) in the margin of which he wrote "I am asked to fill this form; temporary residence is good enough for me." On this application the local board voted: "Registrant permanent residence of U.S. Ayes 3, Noes 0." and on December 28, 1942, mailed the defendant another order to report for induction. It is for failure to obey this order that the defendant was indicted, tried and convicted.

We are of the opinion that the judgment below must be reversed because the order to report for induction which the defendant was convicted of violating is invalid and void under the regulations for the reason that the letter of September 29, 1942, quoted above, constituted an appeal from the decision of the local board placing the registrant in Class 1 A, which appeal was pending at the time the order to report for induction was issued.

Section 10 of the Selective Training and Service Act of 1940, in which Congress authorized the President "to create and establish a Selective Service System," provides for the establishment within such a system of "civilian local boards and such other civilian agencies, including appeal boards and agencies of appeal, as may be necessary to carry out the provisions of this Act." It then, after provisions with

respect to the appointment and qualifications of members of local boards, goes on to provide that "Such local boards, under rules and regulations prescribed by the President, shall have power within their respective jurisdictions to hear and determine, subject to the right of appeal to the appeal boards herein authorized, all questions or claims with respect to inclusion for, or exemption or deferment from, training and service under this Act of all individuals within the jurisdiction of such local boards. The decisions of such local boards shall be final except where an appeal is authorized in accordance with such rules and regulations as the President may prescribe." From these words it is clear that Congress meant to see to it that every registrant should have the right within a reasonable time to appeal to the appropriate appeal board from decisions of his local board on questions of classification and, as a necessary corollary, we think that no man can validly be ordered into military service until such right has either been exercised or waived. And our view is supported by the regulations which the President, by due delegation to the Director of Selective Service, framed to implement the right of appeal preserved to registrants by Congress.

Regulation 627.2 (a) provides that "The registrant * * * may appeal to a board of appeal from any classification of a registrant by the local board * * *" and the same Regulation (c) provides that "The registrant * * * may take an appeal authorized under paragraph (a) above at any time (1) within 10 days after the date when the local board mails to the registrant a Notice of Classification * * *." Regulation 627.11, entitled "How appeal to board of appeal is taken," provides in paragraph (a) that "Any person entitled to do so may appeal * * * (1) By filing with the local board a written notice of appeal. Such notice need not be in any particular form but must state the name of the registrant and the name and identity of the person appealing so as to show the right of appeal," and Regulation 627.41 reads "Appeal stays induction. A registrant shall not be inducted either during the period afforded him to take an appeal to the board of appeal or during the time such an appeal is pending."

From the Act itself and the regulation just quoted it is evident that Congress and the administrative officials in charge of the Selective Service System intended not only to guarantee a right of appeal to registrants but also to permit registrant to take appeals freely and with a minimum of procedural formality, and that induction should not be ordered while an appeal is pending. Viewed in the spirit of liberality and informality reflected by Reg. 627.11 above, we think the letter of September 29, 1942, constituted a valid appeal. The letter is informal but it gave the registrant's name so as to show his right to appeal, and it expressed unmistakably the registrant's dissatisfaction with the action of the local board classifying him in 1 A. Furthermore, it gave reasons for that dissatisfaction. To be sure it does not refer to the board of appeal or expressly invoke the aid of that body, but it does use the words "I appeal." Considering the letter as a whole against the background provided by the papers on file with the local board, we think it would be taking a narrow and technical view wholly at variance with the spirit of the Act and the Regulations to regard the letter as anything but an appeal. From this it follows that when the defendant was ordered to report for induction on December 28, 1942, his appeal was pending and in consequence the order is void and of no effect by virtue of Regulation 627.41 supra.

The government argues, however, that even assuming that the defendant's letter of September 29 constituted a valid appeal, still under the decision in Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, the defendant would have to obey his draft board's order to report for induction even though invalid, be inducted, and then apply for a writ of habeas corpus, at which time, but not before, he could present evidence that his induction had been in violation of "some legal right." We do not agree.

In the Falbo case (320 U.S. at page 554, 64 S.Ct. at page 349) the Supreme Court said that "The narrow question" before it was "whether Congress has authorized judicial review of the propriety of a board's classification in a criminal prosecution for wilful violation of an order directing a registrant to report for the last step in the selective process." It answered this question in the negative holding that under the Act a registrant cannot challenge his classification in the courts until he had pursued the administrative remedies provided to the end, that is, up to the point of accept-

ance for service by the military authorities. In the case at bar, however, the *situation is* quite different. Here the defendant when he was ordered to report for induction had not somewhere along the line by choice abandoned the administrative remedies given him by the Act, but instead was attempting to pursue them. Contrary to the government's view we are of the opinion that the Act, the Regulations and the implications of the Falbo decision, in which the Supreme Court (320 U.S. at page 552, 64 S.Ct. at page 347) said that the Selective Service System is designed "to operate as one continuous process for the selection of men for national service," (see Billings v. Truesdell, 64 S.Ct. 737, all point to the conclusion that a registrant has the *right* to pursue his administrative remedies uninterruptedly to the end, and that as a necessary consequence an order to report for induction issued while an appeal is pending in the system is void and need not be obeyed.

The judgment of the District Court is reversed and the case remanded to that court with direction that the judgment be vacated.