**UNITED STATES v. HUFFORD.**
Cr. No. 12241.

United States District Court
M. D. Pennsylvania.
April 14, 1952.

Arthur A. Maguire, Scranton, Pa., U. S. Atty., for plaintiff.

Walter L. Hill, Jr., of O'Malley, Harris, Harris & Warren, Scranton, Pa., J. Marlin Shreiner, Lancaster, Pa., for defendant.

WATSON, Chief Judge.

This case is now before the Court on a motion of the defendant for a judgment of acquittal. The defendant, Richard Allen Hufford, was indicted for violation of the "Universal Military Training and Service Act", 50 U.S.C.A. Appendix, §§ 451–470 and the regulations issued pursuant thereto. After having been physically examined and found acceptable, Hufford appeared at the induction center and was told to "take one step forward" to constitute his induction into the Armed Forces of the United States. He refused to do so and later signed a statement stating, "I refuse to be inducted into the Armed Services of the United States". He told the officer in charge that he refused to be inducted because of his religious beliefs.

The defendant waived his right to trial by jury and consented to be tried by the Court alone. At the close of the government's case, the defendant moved for a judgment of acquittal.

 Although this is a trial without a jury, the motion for judgment of acquittal at the close of the government's case performs the same functions and is governed by the same considerations as a similar motion at a trial by jury. U. S. v. Maryland & Virginia Milk Producers'. Ass'n, Inc., D.C.D.C.1950, 90 F.Supp. 681. In passing upon a motion for a judgment of acquittal, the trial judge must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt. If he concludes that upon the evidence there must be such a doubt in a reasonable mind, he must grant the motion; or, to state it another way, if there is no evidence upon which a reasonable mind might fairly conclude guilt beyond reasonable doubt, the motion must be granted. But if a reasonable mind might fairly have a reasonable doubt or might fairly not have one, the case is for the jury. Curley v.

United States, 1947, 81 U.S.App.D.C. 389, 160 F.2d 229, 230. The Court must take the view of the evidence and inferences therefrom which is most favorable to the prosecution. So viewed the evidence tended to establish the following facts:

On September 14, 1948, Hufford registered and was assigned Selective Service No. 36 83 29 469. On December 20, 1950, a questionnaire was mailed to Hufford and was completed by the registrant and received by the local board on January 2, 1951. Hufford executed that portion of the questionnaire designated as "Series VI— Minister, or Student Preparing For the Ministry", wherein he stated he was a minister of religion of the Watchtower Society since April 1, 1948. SSS Form 150, which is a special form for conscientious objectors, was sent to the registrant, who completed and returned the form to the local board on January 8, 1951.

On January 17, 1951, the local board unanimously classified him 1–A–O, which subjected him to induction, but with the provision that he could be assigned to noncombatant service only. On January 24, 1951, which was within 10 days after the local board had mailed notice of his classification, the local board received a letter from the registrant, wherein he stated that he was a minister of the gospel and would not desert "The Army of Christ Jesus" for combatant and non-combatant military service of an army of this world. He further stated "I have been classified 1–A–O so if you wish to send me a date of appearance I would be glad to submit oral testimony before the board".

The clerk of the board made the following entry on the "Minutes of Actions by Local Board and Appeal Board", which appears on the last page of each registrant's questionnaire: "1/24/51 Registrant appealed classification. Hearing scheduled for January 31, 1951 at 3:30 P. M.". This entry was initialed by two of the board members, indicating their approval. A notice of this hearing was sent to the registrant.

The registrant failed to appear before the local board on January 31, 1951, but appeared on the following day, February 1, 1951, at 3:30 P. M. The board was not meeting on that day and the registrant received no hearing. On February 1, 1951, the registrant also sent a letter to the local board informing them that due to a mistake on his part he came late and requested another date for an interview. On the same day registrant sent another letter to the board stating, "I am making this written request for appeal according to Selective Service Act, Paragraph 626.12". Both of these letters were received by the board on February 2, 1951.

The local board refused to grant the registrant a further opportunity to appear before the local board, and it did not forward the registrant's file to the appeal board. On March 14, 1951, the registrant was ordered to appear for induction on March 29, 1951, at which time he appeared but refused to submit to induction.

The question before the Court at this time does not go to the local board's classification, but rather whether or not the local board's order to report for induction was a valid one. If the board did not fully and fairly comply with the provisions of the Act and the applicable regulations, the registrant was under no duty to comply with the order. United States v. Zieber, 3 Cir., 1947, 161 F.2d 90; Chih Chung Tung v. United States, 1 Cir., 1944, 142 F.2d 919.

The registrant's file shows that the registrant requested a personal appearance before the local board within the 10 days as required by Regulation No. 1624.1 (32 C.F.R. 1624.1), and the local board scheduled a hearing for January 31, 1951. The registrant failed to appear at that time, but did appear the following day. He also wrote a letter to the board on the same day and requested the board to grant him another time for a hearing. Though the local board may have been technically correct in refusing to grant another hearing, such a view appears narrow and not within the spirit of liberality reflected by the regulations. The only prohibition in the regulations is that the 10-day period for filing a written request for a personal appearance may not be extended except

862

under certain conditions.[1] The registrant filed his request within the prescribed 10-day period, but merely requested that the local board grant him another opportunity to appear before the board.

Conceding, however, that the local board's refusal to grant a subsequent hearing did not invalidate the induction order, there was a violation of another of the regulations defining the rights of the registrant. Regulation 1626.41 (32 C.F.R. 1626.41) provides that a registrant shall not be inducted either during the period afforded him to take an appeal to the appeal board or during the time such an appeal is pending. Regulation 1626.11 (32 C.F.R. 1626.11) provides that any person may appeal by filing with the local board a written notice of appeal, further stating, "Such notice need not be in any particular form but must state the name of the registrant and the name and identity of the person appealing so as to show the right of appeal. The language of any such notice shall be liberally construed in favor of the person filing the notice so as to permit the appeal".

 The minutes of the local board show an entry dated 1/24/51 reading, "Registrant appealed classification". This was within the 10-day period prescribed by Regulation 1626.2(c) (32 C.F.R. 1626.2(c)). The clerk of the local board testified that this entry was erroneous, that she should have made an entry to the effect that the registrant requested a personal appearance and not an appeal, because in his letter received on January 24, 1951 the registrant did not request an appeal but rather a personal appearance. Despite this testimony this Court is bound by what appears in the registrant's selective service file. The entry shows he appealed his classification and this entry was approved by two of the board members. Whether or not the board members intended to treat the registrant's letter as a notice of appeal is open to question, but the fact remains that the local board's own record shows a notice of appeal having been filed within the 10-day period. In view of the fact that Regulation

1626.11 provides that any notice shall be liberally construed in favor of the person filing the notice so as to permit the appeal, any doubt should be resolved in favor of the registrant. That there is such a doubt in this case cannot be disputed.

The registrant also wrote a letter to his local board on February 1, 1951, wherein he requested an appeal. Though this letter was received by the local board after the 10-day period had expired, it is further evidence that the registrant was anxious to pursue the administrative remedies given to him by the Act and the regulations, rather than to abandon them.

 This Court finds that the local board's induction order was invalid, because the registrant's selective service file shows an appeal to have been pending at the time, and therefore defendant's motion for judgment of acquittal must be granted. The judgment of acquittal, however, does not exempt the registrant from prompt and proper action by the local board.

An appropriate order will be filed herewith.