**UNITED STATES of America,**
**Appellee,**

v.

**Carl McNEIL, Appellant.**

**No. 12235.**

United States Court of Appeals
Fourth Circuit.

Argued June 19, 1968.

Decided Sept. 27, 1968.

Melvin R. Manning, Richmond, Va. (Court-appointed counsel) [McCaul & Pearsall, Richmond, Va., on brief], for appellant.

Michael Morchower, Asst. U. S. Atty. (C. V. Spratley, Jr., U. S. Atty., on brief), for appellee.

Before BRYAN, WINTER and CRAVEN, Circuit Judges.

CRAVEN, Circuit Judge:

We are constrained to hold on the facts of this case that the order to report for induction issued by Local Board No. 84, Norfolk, Virginia, to Carl McNeil was valid, and that McNeil's conviction for subsequently refusing to be inducted was without error.

McNeil was most recently classified on August 3, 1966. For several years prior to that time, McNeil, a Jehovah's Witness, and officials of the Watchtower Bible and Tract Society had written many letters to the Board in unsuccessful attempts to establish that McNeil was entitled to classification either as a conscientious objector or as a minister. McNeil appealed[1] none of his earlier classifications, nor did he appeal the classification of August 3, 1966. Letters were submitted to the Board after August 3 attempting to have McNeil's classification reopened by submitting additional information showing that he was entitled to the ministerial exemption. These efforts failed and McNeil was ordered to report for induction; he appeared at the induction center at the

---

1. The Congress has provided for administrative "appeal" of the decisions of the local draft boards within the executive branch. 50 U.S.C.A. App. § 456(j) ; 50 U.S.C.A. App. § 460(b) (3). There is no statutory provision for direct judicial review. *But see*, Wolff v. Selective Service Local Board No. 16, 372 F.2d 817 (2d Cir. 1967). Collateral judicial review incident to defenses interposed to a criminal prosecution is provided for by statute. 50 U.S.C.A. App. § 460(b) (3). References to appeal in this opinion are to the administrative process.

designated time, but refused to be inducted.

 When McNeil failed to appeal within ten days his classification of August 3, his only remedy was to seek reconsideration by the Local Board. Under applicable regulations, a board may reopen a registrant's classification if presented with new facts which, if true, would justify a change. Once the classification is reopened, a registrant must be reclassified, even though the new classification is the same as the old, and each such classification is followed by the same right of administrative appeal as in the case of an original classification. 32 C.F.R. § 1625. Hence, McNeil contends that Local Board No. 84 denied him due process of law by precluding his only remaining chance to appeal when it refused to reopen his classification. *See* United States v. Burlich, 257 F.Supp. 906 (S.D.N.Y.1966). But the letters written subsequent to August 3 contained few facts not stated in the letters written prior to that date, and neither set of letters showed that the ministry was McNeil's "regular and customary vocation" within the meaning of 50 U.S. C.A. App. § 466(g) (1). The ministerial exemption is a narrow one; "[p]reaching and teaching the principles of one's sect, if performed part-time or half-time, occasionally or irregularly, are insufficient to bring a registrant under § 6(g)." Dickinson v. United States, 346 U.S. 389, 395, 74 S.Ct. 152, 156, 98 L.Ed. 132 (1953).

Nor are we now free to consider McNeil's earlier and unappealed claims to classification as a conscientious objector. Although the requirement that administrative appeal remedies be exhausted in order to obtain judicial review of the decisions of local draft boards is not inflexible, Glover v. United States, 286 F.2d 84 (8th Cir. 1961), the facts of this case do not seem to us to be such as to justify relaxation of the ordinary rule. *See* Wolff v. Selective Service Local Board No. 16, 372 F.2d 817 (2nd Cir. 1967); Donato v. United States, 302 F.2d 468 (9th Cir. 1962); Glover v. United States, supra; United States v. Burlich, 257 F.Supp. 906, 908 (S.D.N.Y.1966); United States v. Kurki, 255 F.Supp. 161 (E.D.Wis.1966); United States v. Willard, 211 F.Supp. 643 (N.D.Ohio 1962). McNeil has offered no explanation whatsoever for his failure to appeal from the denial of his claimed status as a conscientious objector.

We have carefully considered the other objections to the validity of the trial and adjudge them to be without merit.

Affirmed.