**UNITED STATES of America**
**v.**
**Jerry Douglas HARRIS, Defendant.**
**No. Cr 68–56.**

United States District Court
D. Oregon.

Dec. 3, 1968.

Sidney I. Lezak, U. S. Atty., Richard C. Helgeson, Asst. U. S. Atty., Portland, Or., for the United States.

G. Bernhard Fedde, Portland, Or., for defendant.

## OPINION

SOLOMON, Chief Judge:

Jerry Douglas Harris, claiming to be a conscientious objector, refused induction into the Armed Forces of the United States. The Government brought this action under 50 U.S.C. App. § 462.

Defendant is a Jehovah's Witness. He completed the eighth grade at age 16, and he has received no further education. He reads with difficulty. He registered with the Selective Service System on December 27, 1965. At that time he signed a document stating that he was a conscientious objector, and he was sent a Form 150. He completed and returned the form. His selective service file contains no information on his conscientious objector claim other than the Form 150. The local board nevertheless placed him in class I–A. He did not appeal.

A registrant may refuse to be inducted and defend a prosecution because his induction order was sent while he was improperly classified in the prime induction group. United States v. Freeman, 388 F.2d 246 (7th Cir.1967). When this defense is raised, judicial review of the defendant's selective service classification is limited to whether the local board had a basis in fact for its action. In conscientious objector cases the local board's denial of a I–O or a I–A–O classification is without basis in fact if

the information in the Form 150, taken as true, will justify granting the classification and the file contains no evidence justifying an inference of insincerity or bad faith. Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428 (1955); Batterton v. United States, 260 F.2d 233 (8th Cir.1958); Ashauer v. United States, 217 F.2d 788 (9th Cir.1954). Mere disbelief of the statements in the Form 150 is not sufficient. Batterton v. United States, *supra*.

 Defendant's claim was rejected because he had not been baptized as a Jehovah's Witness. I do not think this provides a basis in fact for the local board's action. At the trial, defendant explained that one cannot be baptized until he satisfies himself that he is "strong enough." Until baptism, he is not a true member of the faith. Although defendant studied the Bible and Watchtower Tracts at home, and attended religious meetings, he had not yet convinced himself that he could be baptized.

The time of baptism (and hence membership) is left entirely to the individual. If defendant was not sincere he could have been baptized and would thus have been able to claim membership in his Form 150. Instead, not convinced that he was ready, defendant continued to attend religious meetings and study the Bible and Watchtower Tracts at home. It would be difficult to find evidence more persuasive of defendant's strict allegiance to the requirements of his religion. The local board cannot rely on defendant's lack of baptism without some evidence that it should interpret his decision to detract from, rather than add to, the strength of his claim. The file contains no such evidence, nor any other evidence sufficient to provide a basis in fact for defendant's I–A classification.

 The Government's principal argument is that defendant cannot attack the validity of his classification because he did not exhaust his administrative remedy of appeal to the Selective Service Appeal Board. I generally follow the rule that administrative remedies must be exhausted before one should be permitted to attack administrative action in court. This rule is not inflexible, and it should be relaxed in exceptional circumstances. Lockhart v. United States, 9th Cir., Oct. 23, 1968; Glover v. United States, 286 F.2d 84 (8th Cir.1961). I find that this is such a case. Defendant has a limited education. He did not finish the eighth grade until age 16. He reads with difficulty. He has not been employed regularly since he left school, and when he has worked it has been at menial jobs. Defendant has very little money, and he did not have the assistance of a lawyer until the Government filed this action. He cannot reasonably be charged with knowledge of his right to appeal, and therefore it would be unconscionable to decline review of his classification because he did not exhaust his administrative remedies.

Defendant's motion for acquittal is granted.