William Clyde **FLEMING**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

No. 25957.

United States Court of Appeals
Fifth Circuit.

Feb. 10, 1969.

Jack Floyd, Gadsden, Ala., for appellant.

Macon L. Weaver, U. S. Atty., R. Macey Taylor, Melton L. Alexander, Asst. U. S. Attys., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

William Clyde Fleming appeals from his conviction for failure to report for induction into the Armed Forces in viola-

tion of 50 U.S.C.A. App. § 462. We have carefully studied the briefs and record, and have determined that this appeal is appropriate for summary disposition without oral argument. Pursuant to new Rule 18 of the Rules of the United States Court of Appeals for the Fifth Circuit, the Clerk of this Court has been directed to put this case on the summary calendar and to notify the parties in writing.[1]

On the basis of the briefs and record, we proceed to the merits of the case. Fleming argues that the district court erred in charging the jury that the only question for the jury's consideration was whether or not Fleming unlawfully, wilfully and knowingly failed to report for induction. The district court further charged the jury that they were not to consider the question of whether Fleming's local board correctly classified him "I–A: Available for Military Service." We hold that the district court's charge was proper under the circumstances of this case. Fleming waived his right to challenge the correctness of his classification when he failed to exhaust his administrative remedies by appealing his classification. In DuVernay v. United States, 5 Cir. 1968, 394 F.2d 979, 980–981, we read:

"We affirm the conviction on the ground that all of appellant's contentions are foreclosed by his failure to exhaust administrative remedies. The Selective Service Regulations, 32 C.F.R. §§ 1602–1690 (1966), provide for appeal from a local board's determination of an individual draft status. This appellate procedure is explained on the card bearing notice of classification and can be further elucidated by local-board personnel. There is no evidence that DuVernay was unfamiliar with this procedure or was incapable of understanding it. On the contrary, the fact that he was able to correct an erroneous classification made by the board while he was still in high school indicates his awareness of the importance of taking immediate steps to correct a classification one believes to be erroneous. Yet, he made no effort to appeal his I–A classification until he received an order of induction. By this time he had waived his administrative remedies. Section 1624.1(a) of the regulations requires as a first step in the appellate process that a registrant file a written request for personal appearance before the board within ten days from the time the board mails a notice of classification. After the ten-day period has expired, there can be no personal appearance. Since he waived his right to a personal appearance and his subsequent right to appeal, the only administrative avenue left open to appellant was a written request for reopening his classification based on facts not considered by the board when he was classified. This remedy is provided by Section 1625, but the board is powerless to reopen a classification after the order of induction has been mailed unless it specifically finds there has been a change in the registrant's status resulting from circumstances over which he had no control. There is no evidence that DuVernay's status changed in this way after the order of induction was mailed. Thus, the mailing of the order of induction extinguished his last right of administrative appeal before he had even begun to challenge his I–A classification.

"When a registrant believes he is entitled to a fair hearing on the matter of his classification, he may appear personally before the local board and thereafter may carry his case to a board of appeal and, under certain circumstances, to the President. Only when he has resorted to these administrative remedies within the prescribed time limits, has been ordered by his board to report for induction, and has obeyed that order, are the doors of the courts

---

1. In order to establish a docket control procedure, the Fifth Circuit adopted new Rules 17–20 on December 6, 1968. All four of these new rules are reproduced in the Appendix to this opinion. For a general discussion of the need for and the propriety of summary review of certain appeals, see Groendyke Transport, Inc. v. Davis, 5 Cir. 1969, 406 F.2d 1158 [January 2, 1969].

open to him to test the legality of his classification. [Cases cited]. Moreover, a registrant cannot escape the requirement that administrative remedies be exhausted by complaining, as appellant does, of a lack of due process in his local-board classification. [Cases cited]. Since appellant failed to take administrative steps available to him before attempting a collateral attack on his classification in a prosecution for refusing to submit to induction, his contentions before this Court are foreclosed as a matter of law."

See also Campbell v. United States, 5 Cir. 1968, 396 F.2d 1; United States v. McNeil, 4 Cir. 1968, 401 F.2d 527.

■■ Fleming also contends that he could not have knowingly and intelligently waived his administrative remedies within the Selective Service System without the advice of counsel. This argument is without merit. Our decision logically follows from the numerous holdings that a registrant has no right to be represented by counsel when he appears before his local board. See, e. g., Merritt v. United States, 5 Cir. 1968, 401 F.2d 768, 769; Capson v. United States, 10 Cir. 1967, 376 F.2d 814, cert. denied, 1967, 389 U.S. 901, 88 S.Ct. 223, 19 L.Ed. 2d 224.

After a careful examination of the briefs and record, we have considered all of the appellant's specifications of error and have found all of them to be without merit. The judgment of the district court is therefore

Affirmed.

## APPENDIX

### RULES OF THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

#### RULE 17
#### DOCKET CONTROL

In the interest of docket control, the chief judge may from time to time, in his discretion, appoint a panel or panels to review pending cases for appropriate assignment or disposition under Rules 18, 19 or 20 or any other rule of this court.

#### RULE 18
#### SUMMARY CALENDAR

(a) Whenever the court, sua sponte or on suggestion of a party, concludes that a case is of such character as not to justify oral argument, the case may be placed on the summary calendar.

(b) A separate summary calendar will be maintained for those cases to be considered without oral argument. Cases will be placed on the summary calendar by the clerk, pursuant to directions from the court.

(c) Notice in writing shall be given to the parties or their counsel of the transfer of the case to the summary calendar.

#### RULE 19
#### MOTION TO DISMISS OR AFFIRM

Within fifteen days after the appeal has been docketed in this court, the appellee may file a motion to dismiss or a motion to affirm. Where appropriate, a motion to affirm may be united in the alternative with a motion to dismiss. The fifteen day provision may be waived by the court on proper showing of reasonable excuse for delay in filing a motion to dismiss or affirm, upon such terms and conditions as the court may prescribe, or such waiver may be granted sua sponte on the part of the court.

(a) The court will receive a motion to dismiss any appeal on the ground that the appeal is not within the jurisdiction of this court.

(b) The court will receive a motion to affirm the judgment sought to be reviewed on the ground that it is manifest that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument.

The motion to dismiss or affirm shall be filed with the clerk in conformity with Rule 27 of the Federal Rules of Appellate Procedure.

The appellant shall have ten days from the date of receipt of the motion to dismiss or affirm within which to file a

response opposing the motion. Such response may be typewritten and four copies, with proof of service, shall be filed with the clerk. Upon the filing of such response, or the expiration of the time allowed therefor, or express waiver of the right to file, the record on appeal, motion and response shall be distributed by the clerk to the court for its consideration.

After consideration of the papers distributed pursuant to the foregoing paragraph the court will enter an appropriate order.

The time for filing briefs pursuant to Rule 31 of the Federal Rules of Appellate Procedure shall not be tolled or extended by the filing of a motion to dismiss or affirm.

## RULE 20
## FRIVOLOUS AND UNMERI-
## TORIOUS APPEALS

If upon the hearing of any interlocutory motion or as a result of a review under Rule 17, it shall appear to the court that the appeal is frivolous and entirely without merit, the appeal will be dismissed without the notice contemplated in Rules 18 and 19.