**UNITED STATES of America,
Plaintiff,**

v.

**Timothy Shawn BURNS, Defendant.**

**Crim. A. No. 68-CR-127.**

United States District Court
D. Colorado.

Feb. 25, 1969.

Lawrence M. Henry, U. S. Atty., David A. Fogel, Asst. U. S. Atty., Denver, Colo., for plaintiff.

Richard E. Hartman, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

### WILLIAM E. DOYLE, Judge.

The defendant was tried and found guilty of wilfully failing to report for and submit to induction into the Armed Forces of the United States in violation of 50 U.S.C.A. App. § 462(a) (1968). The matter is before us on a motion for judgment notwithstanding the verdict, or alternatively, for new trial. Defendant contends in essence that his conviction cannot stand because he was arbitrarily and unlawfully denied an opportunity to claim a conscientious objection to service and participation in the military.

The relevant facts in the case are that defendant registered with Local Selective Service Board No. 12, Grand Junction, Colorado, on April 12, 1965. At that time he completed a Classification Questionnaire, SSS Form No. 100, leaving blank the provision for claiming classification as a conscientious objector. Defendant was classified I-S as a high school student. In November 1965, defendant was given a II-S student deferment for one year. A Current Information Questionnaire, SSS Form No. 127, sent to defendant in October 1966, was not returned and defendant was subsequently classified I-A on November 2, 1966. This was attributable to low grades. Defendant did not request a personal appearance before the local Board and took no appeal to challenge this classification. He was ordered for his pre-induction physical on August 24, 1967, and at that time he was found acceptable for military service. He was then ordered to report for induction on October 10, 1967, in a letter sent to his last reported address. This letter was returned for lack of a forwarding address. When defendant failed to appear for induction he was indicted on the present charge. He was arrested near Montrose, Colorado, on February 20, 1968. Thereafter, the cause was tried to a jury. Defendant was convicted and he now seeks to set aside the conviction.

Defendant claims he was deprived of due process as the result of an informal conversation he had with Mrs. Pearl Seals, the Executive Secretary of Local Board No. 12. This conversation occurred in November 1966, shortly after defendant had been classified I-A, and the transcript of the trial record shows the following as defendant's version:

"A. I asked her the reason for the I-A classification.

Q. And what was the response?

A. Her response was that I was not in the upper two-thirds of the class in my first year in school.

Q. What did you tell her?

A. I asked her what recourse you had then if you were a pacifist and didn't believe in killing; what recourse you had.

Q. And would you give her answer to it?

A. Well, she asked me if I belonged to a religion and I told her I had been raised as a Catholic and her reply was that there were Catholics and Protestants in the front lines and that I had no excuse. I was just out of luck.

Q. Did she give you any forms or any other information for you to fill out, Mr. Burns?

A. No, she didn't give me anything."

Although the record is not satisfactory as to whether the exact conversation or a reasonable facsimile actually took place, we must in view of the negative nature of the testimony of the secretary accept defendant's version as true.

At the time of his arrest the defendant was asked if he had received his notice to report for induction. He said that

he had received it. The officer then asked him if he intended to follow such instructions and his reply was "No," he did not intend to follow them. He further stated that he could not serve either as a combatant or non-combatant because of his beliefs. He said he was "against war in all forms. He said specifically that he was not a conscientious objector." The officer stated that defendant was adamant on this point, describing himself as a "pacifist anarchist," and saying "that he did not believe anybody should tell anybody else what to do under any circumstances." Defendant also stated that he could not harm anybody whether it was in war or in individual combat; that he could not defend himself.

The Executive Secretary of the local Board stated that she could not remember the conversation relied upon by defendant and quoted above. She stated that she had no recollection that he came to the office to inquire and no record in the file concerning it. She conceded that it could have happened, that many registrants came in to ask questions.

The view that the registrant must appear at the induction center in order to complete the exhaustion process has been enunciated by the Supreme Court in Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305 (1944). There the registrant had been classified as a conscientious objector, but he contended that the board had erred on the facts and that he was entitled to be classified as an exempt minister. In any event, he failed to report to the civilian work camp at which place he would have been given comprehensive mental and physical examinations. The Court noted that

"[t]he connected series of steps into the national service which begins with registration with the local board does not end until the registrant is accepted by the army, navy, or civilian public service camp. Thus a board order to report is no more than a necessary intermediate step in a united and continuous process designed to raise an army speedily and efficiently." 320 U.S. at 553, 64 S.Ct. 346, at 348.

The Court went on to hold that Congress had not authorized judicial review of the propriety of a board's classification in a criminal prosecution for wilful violation of an order "directing a registrant to report for the last step in the selective process." 320 U.S. at 554, 64 S.Ct. at 349.

Further comment by the Court through Mr. Justice Black indicated that the purpose of this is to prevent litigious interruption of the process of selection which Congress created and prevention of intermediate challenges. Subsequent cases have followed *Falbo* and like *Falbo* have involved situations where the registrant was challenging the factual basis of his classification.[1]

 Still another roadblock to review of the defendant's predicament at this stage is the doctrine that the court is precluded from reviewing the Selective Service file, where as here the accused has failed to avail himself of the remedies which are provided by the Selective Service Act. The regulations provide that upon receiving a notice of classification a registrant may request a personal appearance before his local board, 32 C.F.R. § 1624.1 (1968), and appeal the classification to the Appeal Board, 32 C.F.R. § 1626.2 (1968). Courts have generally held that a failure to utilize these procedures precludes any judicial review of the classification in a subsequent criminal trial. See, e. g., DuVer-

---

1. See, e.g., United States v. Bendik, 220 F.2d 249, 251 (2d Cir. 1955); Kalpakoff v. United States, 217 F.2d 748, 750 (9th Cir. 1954); McGahee v. United States, 163 F.2d 875, 876 (5th Cir. 1947); Shigeru Fujii v. United States, 148 F.2d 298, 299–300 (10th Cir. 1945) (dictum); but see, United States v. Jasmagy, 132 F.Supp. 547, 552–553 (S.D.Cal.1955) (clear denial of due process which court refused to review). See also, United States v. Irons, 369 F.2d 557, 559 (6th Cir. 1966); Moore v. United States, 302 F.2d 929, 930 (9th Cir. 1962); Williams v. United States, 203 F.2d 85, 88 (9th Cir. 1953); United States ex rel. Flakowicz v. Alexander, 164 F.2d 139, 141 (2d Cir. 1948).

nay v. United States, 394 F.2d 979, 981 (5th Cir. 1968) ; Yeater v. United States, 397 F.2d 975, 976 (9th Cir. 1968) ; Noland v. United States, 380 F.2d 1016, 1017 (10th Cir. 1967), cert. den., 389 U.S. 945, 88 S.Ct. 308, 19 L.Ed.2d 299, reh. den., 389 U.S. 1060, 88 S.Ct. 798, 19 L.Ed.2d 865 (1968). Notice of these remedies is provided in SSS Form 110 which defendant received on November 2, 1966, classifying him I-A. It has been held that this form affords sufficient notice of these rights. Thompson v. United States, 380 F.2d 86, 89 (10th Cir. 1967) ; United States v. Capson, 347 F.2d 959, 963 (10th Cir. 1965).

The next question is whether the failure of defendant to use available administrative remedies now precludes our reviewing his present contention. In that connection, we note that courts have relaxed the exhaustion requirement under circumstances which are exceptional and unusual.[2] And where the board has denied an important and substantial right guaranteed by the regulations or by statute, it seems clear that a review is in order.[3]

In concluding that the action of the Board which the defendant claims was prejudicial should be considered and reviewed, we note also that an appeal would have been inconsequential in this instance because there would not have been any information in the file for the appeal Board to act on since the Board itself took no action. Defendant complains about the conduct of an agent of the Board and what he claims occurred is not a part of the Board's record or file.[4] A personal appearance before the Board itself would have at least brought the fact of defendant's pacifism to the attention of the Board. However, he did not request such a personal appearance.

Inasmuch as we have heard the evidence pertaining to defendant's contention, and since he contends that the right involved is a substantial one, we conclude that the merits of his claim should be considered.

Defendant's attack centers on an alleged violation of 32 C.F.R. § 1621.11 (1968) which provides:

"A registrant who claims to be a conscientious objector shall offer in-

---

2. See, e.g., United States v. McNeil, 401 F.2d 527, 529 (4th Cir. 1968) ; Thompson v. United States, 380 F.2d 86, 88 (10th Cir. 1967); Evans v. United States, 252 F.2d 509, 511 (9th Cir. 1958) ; Doty v. United States, 218 F.2d 93, 96 (8th Cir. 1955). This requirement has been relaxed in the following cases: Wolff v. Selective Service Local Board No. 16, 372 F.2d 817, 825 (2d Cir. 1967) (threat to First Amendment guarantee of free speech) ; Donato v. United States, 302 F.2d 468, 470 (9th Cir. 1962) (failure to appeal due to defendant's erroneous belief that his rights had lapsed); Glover v. United States, 286 F.2d 84, 90 (8th Cir. 1961) (failure to inform registrant why board had classified him I-A) ; United States v. Carson, 282 F.Supp. 261, 271 (E.D.Ark.1968) (classification based on erroneous view of law); Ex parte Fabiani, 105 F.Supp. 139, 143 (E.D.Pa.1952) (arbitrary and unlawful denial of deferment to medical student). See also Oestereich v. Selective Service System Local Board No. 11, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968) ; Wills v. United States, 384 F. 2d 943, 945 (9th Cir. 1967) (dictum).

3. See, e.g., United States v. Tichenor, 403 F.2d 986, 988 (6th Cir. 1968) (classification based on erroneous view of law) ; Miller v. United States, 388 F.2d 973, 977 (9th Cir. 1967) (rejection of conscientious objector claim on its merits without formally reopening classification) ; Talcott v. Reed, 217 F.2d 360 (9th Cir. 1954) (denial of right to personal appearance); United States v. Bender, 206 F.2d 247 (3d Cir. 1953) (use of evidence not contained in registrant's file); Chih Chung Tung v. United States, 142 F.2d 919 (1st Cir. 1944) (denial of right to appeal) ; United States v. Brown, 290 F.Supp. 542, 550 (D.Del. 1968) (9 days notice given instead of 10 as required) ; United States v. Walsh, 279 F.Supp. 115, 121 (D.Mass. 1968) (arbitrary refusal to reopen classification when presented with additional evidence) ; United States v. Hufford, 103 F.Supp. 859, 862 (M.D.Pa.1952) (order for induction issued while appeal pending).

4. See 32 C.F.R. § 1626.24(b) (1968).

formation in substantiation of his claim on a Special Form for Conscientious Objector (SSS Form No. 150) which, when filed, shall become a part of his Classification Questionnaire (SSS Form No. 100). The local board, upon request, shall furnish to any person claiming to be a conscientious objector a copy of such Special Form for Conscientious Objector (SSS Form No. 150)."

In essence, defendant contends that there has been a refusal to provide a Form 150 upon request and that, therefore, there has been a violation of the spirit at least of the quoted regulation, and, hence, a denial of due process of such magnitude as to require setting aside his criminal conviction.

The Court of Appeals for the Ninth Circuit has held that an arbitrary refusal to provide a Form 150 on request is a denial of due process. Boswell v. United States, 390 F.2d 181, 183 (9th Cir. 1968), and Boyd v. United States, 269 F.2d 607 (9th Cir. 1959).

■ We do not consider the conversation which defendant claims he had with the Board's secretary as tantamount to a request for a Form 150.

*First,* he did not request such a form and, indeed, he did not assert that he was a conscientious objector. His inquiry concerned recourse available to one who is a pacifist and who did not believe in killing. These statements do not suggest that a person who holds such views is a conscientious objector for this status requires that the registrant be opposed to war in any form by virtue of his religious training and belief. 50 U.S.C.A. App. § 456(j) (1968). Defendant did not even suggest that his opposition to war was based upon religious training and belief.

*Second,* it seems highly unlikely that he was a conscientious objector. On the occasion of his arrest he denied vehemently that he was a conscientious objector and he persisted in this in open court during hearing on motion for new trial, stating that he would not in the future apply for such a status if he had an opportunity to do so. He added that he would have applied at the time of appearance before the Board.

In concluding that this is not a case for judicial intervention and avoidance of the Selective Service proceedings, we also consider the fact that the defendant is not lacking in either intelligence or aggressiveness. He is not a person who would have been discouraged by misleading advice if, indeed, there were such advice here.

Finally, we are not to be understood as holding that the statements which are attributed to the Board's secretary are to be regarded as desirable policy for a draft board secretary, but this is not the question. We are concerned with whether the defendant suffered the violation of a substantial right, and we must conclude that he did not. The regulations which govern proceedings before the draft board contemplate that a registrant will take the initiative in asserting his rights and in asserting his contentions, and this particular defendant would be the last person to expect the draft board to paternalistically protect his rights.

■ It is somewhat superfluous to add that being a person of the faith in which defendant was raised is not inconsistent with being a conscientious objector. We repeat that defendant did not assert that he was a conscientious objector and his words did not describe such a status. We hold, therefore, as a matter of law, that considering the facts wholly favorable to the defendant, he has not demonstrated a violation of any substantial right entitling him to have the present criminal conviction set aside. It follows that the motion for a new trial or for judgment of acquittal should be and the same is hereby denied.