**UNITED STATES of America**
**v.**
**George Norman THALMAN, III.**
**Crim. No. 70-154.**

United States District Court,
M. D. Florida,
Tampa Division.
April 1, 1971.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Hugh N. Smith, Asst. U. S. Atty., Tampa, Fla., for plaintiff.

Gardner W. Beckett, Jr., St. Petersburg, Fla., for defendant.

## MEMORANDUM OPINION AND ORDER

KRENTZMAN, District Judge.

This cause came on for consideration upon the filing of a "motion raising defense." The Court has heard arguments of counsel and counsel have stipulated that all relevant documents are before the Court. Both parties have filed memoranda briefing the issues.

Defendant is charged in a one count indictment with failing to report to his Local Draft Board as required by Board orders in violation of 50 U.S.C.App. § 462(a). Defendant contends that there was no basis in fact for the Local Board's classification of defendant as I–A, subject to immediate induction, and that defendant's selective service file affirmatively shows that defendant was entitled to classification as a conscientious objector.

The history revealed by portions of defendant's selective service file which have been submitted by the government and by defendant is as follows: On January 11, 1967, defendant was classified a I–O, conscientious objector, based on answers furnished by defendant on Selective Service System Form 150. On the basis of letters received from his church, stating that he was a full-time minister with the Jehovah's Witness Church, defendant was classified IV–D, exempt from military service as a minister of a recognized church or sect, on February 8, 1967. On April 19, 1968, defendant telephoned his Local Board and advised that he was no longer claiming ministerial exemption. The Local Board then classified defendant I–A. On September 11, 1968, defendant was granted a III–A dependency deferment by virtue of the fact that he was married and his wife was expecting a child. One week later defendant's wife called the Local Board and stated that defendant was no longer living with her. On October 9, 1968, defendant was again classified I–A. He was subsequently ordered to report for induction, and on April 18, 1969, defendant failed to report as ordered.

Defendant contends that when he voluntarily withdrew his ministerial exemption he should, based upon evidence in the file, have been classified as a conscientious objector. It is argued that the same evidence which previously supported defendant's classification as a conscientious objector was still in the file, still uncontradicted, and still viable. The Board's classification of defendant as I–A was therefore, it is argued, unsupported by any evidence in defendant's selective service file. Subsequently when defendant attained a dependency status, and then lost such status, the Board again classified him I–A, and this classification was likewise unsupported by any evidence in defendant's file. It is argued that the order to report for induction was issued without jurisdiction, the classification of defendant as subject to induction being invalid, and that a conviction cannot be had for failure to comply with an invalid induction order.

Section 1623.2 of the Selective Service Regulations provides as follows:

"Every registrant shall be placed in Class I–A under the provisions of section 1622.10 of this chapter except that when grounds are established to place a registrant in one or more of the classes listed in the following table, the registrant shall be classified in the lowest class for which he is determined to be eligible, with Class I–A–O considered the highest class

and Class I–C considered the lowest class according to the following table:

| Class: | |
|---|---|
| | I–A–O |
| | I–O |
| | I–S |
| | I–Y |
| | II–A |
| | II–C |
| | II–S |
| | I–D |
| | III–A |
| | IV–B |
| | IV–C |
| | IV–D |
| | IV–F |
| | IV–A |
| | V–A |
| | I–W |
| | I–C" |

32 C.F.R. § 1623.2

Clearly a local board of the Selective Service System is bound to follow the regulations of the Selective Service System, and a failure to do so amounts to a denial of due process of law as to a particular registrant. Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946). It is also clear that a draft board loses jurisdiction when it proceeds without regard to the rights of a registrant under the Selective Service regulation. Estep, *supra;* Niznik v. United States, 173 F. 2d 328 (6 Cir. 1949); and an order to report for induction issued without jurisdiction is itself illegal and will not support a conviction based upon its violation. Carson v. United States, 411 F.2d 631, 633 (5 Cir. 1969).

At the time of the withdrawal of defendant's ministerial exemption, there was nothing in defendant's selective service file to refute his prior claim for conscientious objector status. The same is true of the file when defendant lost his entitlement to a dependency deferment. On April 19, 1968, just before defendant was first classified I–A, defendant filled out a "Current Information Questionnaire" at the request of the Local Board. Nothing on this form indicates that defendant was a conscientious objector; however, nowhere on the form is there a space for asserting such entitlement.

■■ The government contends that whenever a local board reopens the classification of a registrant the status of the file is as if there were nothing at all in the file to indicate entitlement to a classification other than I–A. In support of this proposition the government cites Section 1625.11 of the Selective Service Regulations which provides as follows:

"When the local board reopens the registrant's classification, it shall consider the new information which it has received and shall again classify the registrant in the same manner as if he had never before been classified. Such classification shall be and have the effect of a new and original classification even though the registrant is again placed in the class that he was in before his classification was reopened." 32 C.F.R. § 1625.11

The Court is not able to construe this provision as an espousal of what the government attorney in this case has called the "clean file" doctrine. The government has cited no cases, and the Court has found none holding that a local board can arbitrarily classify a registrant I–A despite evidence in this file that the registrant is entitled to one of the lower classifications set out in § 1623.2 *supra,* solely because the registrant's status has changed relative to some status lower on the scale than the one to which he is entitled. In the case of United States v. Davila, 429 F.2d 481 (5 Cir. 1970) cited by the government in the spirit of presenting an accurate picture of the law, it was held that once a registrant makes out a prima facie showing of entitlement to conscientious objector status, a local board may not deny such status unless there appears of record evidence justifying the denial.

Obviously, in this case defendant's Selective Service Form 150 set out a prima facie showing of entitlement to conscientious objector status. Nothing in the file ever refuted this showing; however, the local board either overlooked it or chose to ignore it. The government contends that defendant failed to exhaust remedies available to him when he was classified I–A and that he is therefore foreclosed from raising the issues he is raising here. Principles of exhaustion of administrative remedies do not apply with the same stringence in Selective Service matters as in other areas of administrative activity. McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969); United States v. Davila, *supra*. In this instance where the local board erroneously and without a factual basis in support of doing so placed defendant in a I–A classification, and defendant is being prosecuted criminally for failure to comply with orders based on the improper classification, the exhaustion principles advanced by the government cannot apply.

Based on the foregoing, the Court concludes that the defendant George Norman Thalman, III, is not guilty of the charges contained in the indictment in this cause, and should be acquitted of the charges. It is, therefore,

Ordered and adjudged:

1. Based on the evidence in the file, and on the foregoing memorandum opinion, the Court finds that the defendant, George Norman Thalman, III, is not guilty of the charges contained in the indictment in Case No. 70–154 Cr.T.

2. Nothing herein shall be construed to preclude the local draft board from reconsidering defendant Thalman's selective service classification and status in accordance with selective service statutes and selective service regulations, and with this opinion.

3. A judgment of acquittal will be entered based on this opinion and order.